IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISON

| | |
|---|---|
| ISIDRO PANDO | No. 4:23-cv-00013 |
| v. | |
| CITY OF PRESIDIO, TEXAS and JOHN DOE Nos. 1-3 | |

## COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

ISIDRO PANDO, Plaintiff, complains of CITY OF PRESIDIO, TEXAS and JOHN DOE Nos. 1-3, Defendants, and for causes of action would show:

1.

(The Party Plaintiff)

ISIDRO PANDO, Plaintiff, is an individual and resident of Pecos County, Texas.

2.

(The Party Defendant)

Defendant CITY OF PRESIDIO, TEXAS is a public, municipal corporation, formed under the laws of the State of 123Texas and operates within an area of Presidio County, Texas, and the Western District of Texas. Its principal place of business is located in Presidio County, Texas. This Defendant may be served by serving with process Hon. John Ferguson, Mayor, City of Presidio, 1200 East O'Reilly St., Presidio, TX 79745.

Plaintiff reserves the naming of additional defendants in the event that other actors, aided and abetted in, or were a party to the tort conduct of the Defendant. These additional defendants

will be designated as John Doe Nos. 1-3.

3.

(Venue & Primary Jurisdiction)

Venue is proper in this District Court and this Division for the reason that the wrongful conduct occurred in Presidio County, Texas, which is located within the Pecos Division of the United States District Court for the Western District of Texas.

The Plaintiff invokes the federal question jurisdiction of the United States District Court, for he sues for remedies under 42 U.S.C. sec. 1983.

The conditions precedent to filing suit have been met. The Plaintiff has exhausted his administrative remedies, prior to filing suit.

4.

(Causes of Action)

On or about July 07, 2022, the Plaintiff was employed with the Defendant as a paramedic within the EMS Department of the City of Presidio, Texas. By written letter, signed by Troy Sparks, EMS Director, the City of Presidio, Texas, acting under the color of law and at the direction of a policymaker, Hon. John Ferguson, Mayor, terminated the Plaintiff's employment with the City of Presidio, Texas, in significant part in retaliation for reporting in good faith that the Presidio EMS possessed and/or used expired medicines after their due date.  As a proximate result, the Plaintiff suffered injury, loss and damages.

On the date of the termination, the Plaintiff had been employed for Presidio EMS for a period of roughly nine and one-half years. Plaintiff had begun working for Presidio EMS on or about May 01, 2010, as an EMT-Basic. On or about September 28, 2012, the Plaintiff had obtained an Advanced EMT.  On or about September 28, 2012, the Plaintiff sustained injury

from an on-the-job vehicular accident at or near Elephant Rock when an intoxicated driver crossed into the lane of traffic of an ambulance being operated by the Plaintiff. Plaintiff was away from Presidio EMS for a period of five years, but returned to working for the Defendant. The Plaintiff had earned and obtained certifications within his field, and for the four plus years on his return performed his work in a good and workmanlike manner, consistent with the standard of care of an EMT in his position.

On or about June 05, 2022, the Plaintiff complained to Troy Sparks, the EMS Director for the City of Presidio, Texas, and a law enforcement authority, that Presidio EMS was possessing and/or using expired medication and further that the subject medications needed to be replaced. By an email dated June 06, 2022, the Plaintiff wrote to Troy Sparks that "the Fentanyl expired at the end of May 31, 2022, which means that the waiver should have [been] obtained at or prior to the end of May 2022.  It is June 6, 2022 and has not yet we have not received the waiver which puts us out of compliance with the state which you know about. This keeps the Advance EMTs and Paramedics from administering any Fentyl to any Pt. that might have suffered from a head injury…" The Plaintiff was acting in good faith and within the standard of care of reporting the practice of using expired medications. The use or practice of using expired medications created a custom that equated to being a policy of the City. Therefore, the Defendant is liable under the <u>Monell</u> decision and its progeny.

On or about June 29, 2022, the Defendant conducted a meeting of its elected and non-elected city officials, who were acting under the color of state law and in the course and scope of their employment and/or office with the City of Presidio, Texas.  The Defendant provided a list of issues, which were and are false. The Defendant terminated the Plaintiff on false grounds. The Plaintiff, due to a long position with the City and his licensing and profession, had a

property interest in his position with the Defendant. The Defendant, acting through its representatives, employees and representatives, under the color of state law, terminated the Plaintiff. The termination was without procedural due process and was arbitrary and unreasonable. Therefore, the termination violated the Plaintiff's right to substantive due process.

During his employment with the Defendant, the Plaintiff was subjected to unwelcomed sexual harassment. A co-worker, J.S., physically contacted the Plaintiff in a manner and means that a reasonable person similarly situated as the Plaintiff would find the physical contact sexual and offensive. As a proximate result, the Plaintiff sustained injury, loss and damages.

At the time of termination, the Plaintiff was covered by health insurance or health plan. Since his termination, the Defendant has failed to notify him adequately of his right to continuation of health insurance under the Consolidated Omnibus Budget Reconciliation Act, also known as COBRA and has failed to provide him with a manner and means of obtaining COBRA continuation coverage.

The qualifying event was the Plaintiff's termination of employment by the Defendant. The Defendant, acting through its employee(s), agent(s), representative(s) or officials/principals failed to provide a notification within the requisite 44 days of his right to health insurance coverage continuation.

For causes of action, the Plaintiff pleads the following:

(a) *Violation of Substantive Due Process*. The Plaintiff had a property interest in his position with the Defendant and further in his good name and future earning capacity. Separately, the Defendant, in fact, provided the Plaintiff with notice of allegations and provided a hearing. The Defendant terminated the Plaintiff on false grounds. The Plaintiff had a substantive due process right in not being terminated arbitrarily or capriciously. The termination was a proximate cause

of damages to the Plaintiff in the form of loss of income up to $250,000.00; mental anguish and pain and suffering up to $750,000.00 and loss of earning capacity, loss of reputation and future mental anguish in the amount of $750,000.00.

The Defendant also breached the Plaintiff's right of substantive due process by terminating him in retaliation for reporting a violation of law pertaining to the custom of possessing, maintaining and using expired medications. The person and persons who made the decision to terminate the Plaintiff are and were policymakers with the City of Presidio, Texas. In the alternative, the Defendant had a policy in place that was the moving force for the termination and the violation of Plaintiff's due process rights.

(b) *Violation of COBRA*. The Defendant conducted itself to violate the Plaintiff's right of continuation coverage under COBRA. The Plaintiff is entitled to the recovery of $110.00 per day from the 45th day after termination through the date this case is adjudicated. The Plaintiff prays recovery of $110.00 per day beginning from May 02, 2019, until the date this case is adjudicated or to the date under law which the penalty expires. In the alternative, Plaintiff prays for $33,000.00 and an additional amount up to $25,000.00.

(c) *Violation of Texas Government Code*.  The Plaintiff reported a violation of law and due to the presence of expired medication, the Defendant asked the Plaintiff to violate the law which the Plaintiff refused to do. In retaliation, the Defendant terminated the Plaintiff. The termination violated the Texas Government Code and was a proximate cause of the Plaintiff sustaining injury, loss and damages.

(d) *Violation of Title VII*.  The Plaintiff was subjected to sexual harassment by a co-worker. The Defendant had notice of the sexual harassment, which created a hostile work environment against the Plaintiff. The Plaintiff was subjected to unwanted touching,

which a reasonably situated individual would find offensive and a sexual offense. As a proximate result, Plaintiff sustained damages in the form of mental anguish and pain and suffering. Plaintiff asks for recovery of the foregoing damages as set out below.

5.

(Damages)

Plaintiff requests recovery of the per day penalty permitted under COBRA at the lawful rate.

Separately, as a proximate result of the conduct of the Defendant, the Plaintiff sustained damages as follows:  past loss of income, up to $250,000.00; mental anguish and pain and suffering, $750,000.00  loss of earning capacity, future mental  anguish, pain and suffering and loss of reputation, $750,000.00.

The Plaintiff sues for recovery of up to $150,000.00 for damages and assessment for the COBRA violation.

The Plaintiff prays for the recovery from the Defendant, jointly and/or severally, if applicable of all damages in excess of the minimum Jurisdiction of the Court.

6.

(Reservation of Claims)

The Plaintiff reserves in this pleading any claim for breach of fiduciary duty and common law fraud, as pendent state law claims.

7.

(Reservation of Claims Against Defendants)

The Plaintiff reserves claims against John Doe Nos. 1-3, if revealed through discovery.

8.

(Notice to Defendants)

A Notice of Right to Sue was issued to the Plaintiff under Case No. 453-2023-00166 through the United States Equal Employment Opportunity Commission. The Plaintiff requests the Court take judicial notice of the filings in that charge and the actions of the Commission.

9.

(Attorney's Fees)

The Plaintiff requests the recovery of reasonable attorney's fees in an amount in excess of the minimum jurisdiction of the Court, if permitted by statute or case law.

The Plaintiff requests the recovery of up to $75,000.00 for pre-trial representation and up to $45,000.00 for trial of this case. If the Defendant elects to appeal, the Plaintiff prays for the recovery of up to $75,000.00 for representation through the United States Court of Appeals for the Fifth Circuit.

10.

(Interest)

The Plaintiff requests the recovery of pre-judgment interest, post-judgment interest and the costs of Court.

10.

(Jury Demand)

The Plaintiff demands a trial by jury.

Prayer

Wherefore, the Plaintiff requests that the Defendant be cited to appear and answer and after a trial on the merits, the Plaintiff requests the recovery of a Judgment awarding the

following relief:

    [a]  Compensatory damages for the elements and in the elements alleged above;

    [b]  Reasonable attorney's fees;

    [c]  Pre-judgment interest, post-judgment interest and costs of court;

    [d]  Such other relief to which the Plaintiff is entitled to recover.

                      Respectfully submitted,

                      Steve Hershberger, Attorney at Law
                      600 No. Marienfeld St., Ste. 1035
                      Midland, TX  79701
                      432-570-4014
                      stevehersh@sbcglobal.net

                      By: __/s/ Steve Hershberger_____
                      Steve Hershberger
                      Texas State Bar # 09543950

                      Attorney for Plaintiff